IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-18-625 |
| | * | |
| MICHAEL TALLEY JR. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending is Michael Talley Jr.'s pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF 179).  Talley requests compassionate release on the basis that FPC Schuykill, where he is currently housed, is taking insufficient health precautions to protect Talley from COVID-19.

The court is not persuaded that the conditions at FPC Schuykill constitute an "extraordinary and compelling reason" warranting a sentence reduction within the meaning of § 3582(c)(1)(A)(i).[1]  Talley does not state that he has any underlying conditions that would increase his risk of severe illness related to COVID-19.  While the court acknowledges Talley's concerns about the conditions at FPC Schuykill, without evidence that Talley himself is particularly vulnerable to COVID-19, the court does not find that the conditions provide a basis for compassionate release.

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *2–3 (D. Md. Apr. 6, 2020) (citing cases).

To the extent Talley requests placement on home confinement as an alternative to compassionate release, the court is without authority to grant this, as "[t]he discretion to release a prisoner to home confinement lies solely with the Attorney General." *See United States v. Byers*, No. 118CR00036MRWCM1, 2020 WL 3513703, at *2 (W.D.N.C. June 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).[2]

Accordingly, Talley's motion for compassionate release (ECF 179) is DENIED WITHOUT PREJUDICE.

So Ordered this  19th  day of August, 2020.

                                                                   /S/
                                        Catherine C. Blake
                                        United States District Judge

---

[2] The court may consider a defendant's compassionate release motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).  Here, Talley states that he requested relief under the CARES Act by email to the Warden, and received a reply that pursuant to BOP Program Statement 5050.50, "everyone will be denied under any circumstance."  (ECF 179, Mot. at 1).  Talley, however, does not attach his email or the Warden's reply, and it is not clear if he requested compassionate release in his email to the Warden.